IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Dedrick G. Smith, )
)
Petitioner, )          Civil Action No. 5:20-cv-0058-TMC
)
vs. )          **ORDER**
)
Bryan K. Dobbs, )
)
Respondent. )
)
_____ )

Petitioner Dedrick G. Smith ("Petitioner"), a federal prisoner proceeding *pro se*, filed this

Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 6, 2020.  (ECF No.

1).  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this

matter was referred to a magistrate judge for pretrial handling.  On April 14, 2021, Respondent

Bryan K. Dobbs ("Respondent") filed a motion to dismiss the Petition.  (ECF No. 40).  The court

issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), setting forth the

motion to dismiss standard and warning Petitioner of the potential implications if he failed to

adequately respond.  (ECF No. 41).  Petitioner filed his response in opposition to the motion to

dismiss on June 3, 2021.  (ECF No. 47).  Now before the court is the magistrate judge's Report

and Recommendation ("Report"), which recommends that the undersigned grant Respondent's

motion and deny the Petition.  (ECF No. 51).  Petitioner filed objections to the Report on March

4, 2022, (ECF No. 61), and this matter is now ripe for review.

**FACTUAL & PROCEDURAL HISTORY[1]**

---

[1] The factual background and procedural history set forth herein are taken from Respondent's memorandum in support
of his motion to dismiss, (ECF No. 40-1), which Petitioner does not dispute, *see* (ECF No. 47).

On March 10, 1993, a jury found Petitioner guilty of aiding and abetting the felony murder

of a federal agent while in the line of duty, in violation of 18 U.S.C. §§ 1111 and 1114.  (ECF No.

40-1 at 2); *see also United States v. Smith*, No. 2:13-cv-08008-LSC-TMP, Dkt. Entry 6 (N.D. Ala.

Nov. 10, 2014) [*hereinafter Smith*][2].  Petitioner was sentenced to life in prison, and the Eleventh

Circuit affirmed his conviction and sentence on direct appeal.  (ECF No. 40-1 at 2); *see also United*

*States v. Clemons*, 32 F.3d 1504, 1506 (11th Cir. 1994), *cert. denied sub nom. Smith v. United*

*States*, 514 U.S. 1086 (1995).

After his conviction and sentence became final, Petitioner filed a motion to vacate his

judgment under 28 U.S.C. § 2255 on April 24, 1997.  *Smith*, Dkt. Entry 6; *see also* (ECF No. 40-

1 at 2).  The district court denied Petitioner's motion on January 25, 2001.  *Smith*, Dkt. Entry 6.

Petitioner then appealed the denial, but the Eleventh Circuit denied his appeal on July 13, 2001.

*Id*.; *see also* (ECF No. 40-1 at 2 (citing *Smith v. United States*, 273 F.3d 1111 (11th Cir. 2001)).

Thereafter, Petitioner filed two additional motions under § 2255—one in 2004 and one in 2013—

both of which were dismissed as unauthorized successive petitions.  (ECF No. 40-1 at 2); *Smith*,

Dkt. Entries 6, 9.

Petitioner now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241.  (ECF No.

1).  Specifically, Petitioner seeks to vacate his conviction on the grounds that he is actually

innocent of aiding and abetting under 18 U.S.C. § 2 pursuant to *Rosemond v. United States*, 572

U.S. 65 (2014) and *Steiner v. United States*, 940 F.3d 1282 (11th Cir. 2019).  *Id*. at 6; (ECF Nos.

1-2 at 6; 1-3 at 3–6).

### STANDARD OF REVIEW

---

[2] The court may take judicial notice of court records related to Petitioner's prior criminal and collateral proceedings. *See Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "'the most frequent use of judicial notice is in noticing the content of court records.'").

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## MAGISTRATE JUDGE'S REPORT

In her Report, the magistrate judge correctly noted that Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention." (ECF No. 51 at 4 (citing 28 U.S.C. § 2255(e))). Further, because the savings clause is a "jurisdictional provision," this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *See* (ECF No. 51 at 4, 6); *see also United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)

(holding that district courts must dismiss §2241 habeas petitions that do not fall within the savings clause for lack of jurisdiction).

As the magistrate judge recognized, it is well-settled in this circuit that, in order to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must establish the following:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

(ECF No. 51 at 4 (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000))).  The magistrate judge further noted that "the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction[,]" *id.* at 4–5 (citing *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)), and that "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 5 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

The magistrate judge then summarized the parties' arguments. *Id.* at 5.  Petitioner's claim is based on his assertion that the Supreme Court's holding in *Rosemond* changed the substantive law of aiding and abetting under 18 U.S.C. § 2 such that he now stands "convicted of an act that the law does not make criminal[.]"  (ECF Nos. 1 at 1, 2; 47 at 2, 3).  In particular, Petitioner relies on *Rosemond's* holding—that a necessary element of aiding and abetting a violation of § 924(c) is that the defendant had advance notice a firearm would be used or carried—to argue the government was required and failed to prove that Petitioner had advance knowledge that his codefendant would kill a federal officer as a necessary element of aiding and abetting violations of §§ 1111 and 1114. (ECF No. 1 at 2, 4–6).  Petitioner also contends that, although *Rosemond* dealt with a conviction

5

for aiding and abetting a violation of 18 U.S.C. § 924(c), *see* 572 U.S. at 67, 71, its holding can be applied to any case involving identical or similar facts such that the rule stated in *Rosemond* is not limited to aiding and abetting § 924(c) violations, but can also apply to Petitioner's conviction for aiding and abetting violations of §§ 1111 and 1114.  (ECF No. 47 at 3, 5).  Petitioner then relies on the Eleventh Circuit's holding in *Steiner* that *Rosemond* applies retroactively to cases on collateral review to argue that the holding in *Rosemond* should be applied to invalidate his conviction.  (ECF Nos. 1 at 3; 47 at 2).

The magistrate judge noted that Respondent, on the other hand, argues Petitioner's reliance on *Rosemond* is misplaced because "[a]t no point did the Supreme Court suggest, let alone rule, that its advance-knowledge holding applied to aiding and abetting of any other crimes[.]"  (ECF No. 40-1 at 6); *see also* (ECF No. 51 at 5).  Thus, Respondent asserts that "[e]ven after *Rosemond*, then, the conduct of which [Petitioner] was convicted remains criminal" such that "he cannot meet *In re Jones'* second prong."  (ECF No. 40-1 at 6).  Respondent further contends that the Eleventh Circuit's ruling in *Steiner* also fails to satisfy the second prong of *Jones* because, although *Steiner* "held *Rosemond* applies retroactively to such cases on collateral review . . . nothing in *Steiner* suggests its holding (or *Rosemond* itself) applies anywhere other than within the specific context of aiding and abetting § 924(c) violations."  *Id*. at 7.

Having set forth the proper standards and the parties' respective arguments, the magistrate judge agreed with Respondent that Petitioner's reliance on *Rosemond* and *Steiner* is erroneous.  (ECF No. 51 at 6).  The magistrate judge found that the Supreme Court in *Rosemond* "did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses" and, "[b]ecause Petition was convicted of aiding and abetting felony murder of a federal agent while in the line of duty, in violation of 18 U.S.C. §§ 1111 and 1114, the holding in *Rosemond* does not apply to the criminal

6

conduct for which Petitioner was convicted." *Id*. The magistrate judge, therefore, concluded that

Petitioner cannot meet the second prong of *Jones* and satisfy the § 2255 savings clause such that

the court lacks jurisdiction to consider the Petition. *Id*. Accordingly, the magistrate judge

recommends the court grant Respondent's motion to dismiss (EFC No. 40) and dismiss the Petition

(ECF No. 1) without prejudice for lack of subject matter jurisdiction. *Id*. at 6–7.

## DISCUSSION

Petitioner filed objections to the Report. *See* (ECF No. 61). However, Petitioner makes

no specific challenges to any of the magistrate judge's findings or conclusions. *See id*. Indeed,

the entirety of Petitioner's objections state as follows:

> [Petitioner] stands firm on the arguments raised in his initial § 2241
> motion and his response to Motion to Dismiss. Petitioner contends[]
> he has satisfied all three prongs of *In re Jones* and has met the
> requirements of § [2255] savings clause.
>
> [Petitioner] hereby objects to the conclusions found in the
> Magistrate's "R&R".

*Id*. at 1–2 (internal heading omitted). These objections attempt to merely restate the allegations

and arguments set forth in the Petition and response in opposition to the motion to dismiss.

However, it is well-settled in this Circuit that "an objection that merely repeats the arguments made

in the briefs before the magistrate judge is a general objection and is treated as a failure to object."

*Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also,*

*e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where

parties 'merely restate word for word or rehash the same arguments presented in their [earlier]

filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015)

(finding that the rehashing of arguments raised to the magistrate judge does not comply with the

requirement to file specific objections). Indeed, a district court "may reject perfunctory or

rehashed objections to R&Rs that amount to a second opportunity to present the arguments already

considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Furthermore, objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the parties' filings, and the Report under the appropriate standards, the court finds no error—clear or otherwise—in the magistrate judge's Report. The Supreme Court's holding in *Rosemond* is limited in scope and applies only to aiding and abetting violations of § 924(c), and Petitioner cites to no authority, nor is the court aware of any, that extends the holding in *Rosemond* to aiding and abetting generally or to violations of §§ 1111 and 1114. Thus, Petitioner has failed to identify any change in the substantive law of the Eleventh Circuit[3] which would make the conduct for which he was convicted no longer criminal as is required by the second prong of *Jones*. Consequently, Petitioner has failed to satisfy the requirements for application of the § 2255 savings clause, and the court lacks subject matter jurisdiction over the Petition.

---

[3] "In evaluating substantive claims under the savings clause, a district court must look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) (internal quotation marks omitted).

**CONCLUSION**

Accordingly, for the reasons set forth herein, the court **ADOPTS** the magistrate judge's Report and Recommendation (ECF No. 51) and **GRANTS** Respondent's motion to dismiss (ECF No. 40). Furthermore, having concluded that it lacks jurisdiction, the court **DISMISSES** Petitioner's § 2241 Petition (ECF No. 1) without prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 9, 2022